IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | CASE NO. 4:06cr66 |
| JAMES VAN METER and | § | |
| ANITA VAN METER | § | |

### ORDER GRANTING THE GOVERNMENT'S MOTION TO PRECLUDE ADMISSION OF DOCUMENTS RELATED TO IMPROPER LEGAL CONCLUSIONS REGARDING TAX LIABILITY

Pending before the court is the Government's "Motion to Preclude Admission of Documents Related to Improper Legal Conclusions Regarding Tax Liability" (docket entry #53). Having considered the Government's motion, the Defendants' response (docket entry #58) and the Government's reply (docket entry #60), the court concludes that the Government's motion has merit and should be **GRANTED**.

The Defendants were charged in a two count indictment with attempting to evade the payment of income taxes for tax years 1999 and 2000 in violation of 26 U.S.C. § 7201. In its motion, the Government states that the Defendants will likely seek to introduce documentary evidence upon which the Defendants relied in forming their beliefs about the federal income tax laws. The Government argues, however, that the court should exclude such evidence. Conversely, the Defendants argue that the documentary evidence is relevant to the defense of their case.

"Generally, a district court may exclude evidence of what the law is or should be." *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993), citing *United States v. Powell*, 955 F.2d 1206 (9th Cir. 1992). "Nonetheless, 'forbidding the jury to consider evidence that might negate willfulness

would raise a serious question under the Sixth Amendment's jury trial provision.'" *Id.*, quoting *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). "In *Barnett*[1] [the Fifth Circuit] concluded that the delicate balance required by Rule 403 of the Federal Rules of Evidence would be satisfied by excluding the challenged documents but allowing the defendant to testify about their contents and the effect the information had in the formulation of his beliefs." *Id.* at 27-28, citing *United States v. Barnett*, 945 F.2d at 1301 (citing *United States v. Flitcraft*, 803 F.2d 184, 185-86 (5th Cir. 1986)).

Accordingly, the court concludes that documentary evidence upon which the Defendants relied in forming their beliefs about the federal income tax laws shall be excluded. The Defendants, however, shall be permitted to testify about the contents of such documentary evidence and the effect the information had in the formulation of their beliefs. *See Stafford, supra.*; *Barnett, supra.*; *Flitcraft, supra.*; *United States v. Simkanin*, 420 F.3d 397, 412-13 (5th Cir. 2005). The Government's "Motion to Preclude Admission of Documents Related to Improper Legal Conclusions Regarding Tax Liability" (docket entry #53) is **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 7th day of August, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] *United States v. Barnett*, 945 F.2d 1296 (5th Cir. 1991), *cert. denied*, 503 U.S. 941, 112 S.Ct. 1487, 117 L.Ed.2d 628 (1992).